# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **MARK WALTERS**, | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | **EP-22-CV-00272-KC-ATB** |
| | § | |
| **LASALLE CORRECTIONS V, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION

Proceeding *in forma pauperis* and *pro se*, Plaintiff Mark Walters brought this action on August 10, 2022.  Presently before the Court is Walters's "Advisory to the Court" (ECF No. 22) filed on September 16, 2022; therein, in view of a pre-filing injunction issued on September 30, 2019, by Judge Andrew W. Austin, then a magistrate judge in the Austin Division of the Western District of Texas, Walters requests the Court that his case be allowed to proceed.  Pursuant to 28 U.S.C. § 636(b), Appendix C to this District's Local Rules, and this Division's "Standing Referral Order Re: Prisoner and Immigration Detainee Civil Rights Cases," the case was referred to the undersigned Magistrate Judge.  For the reasons set forth below, the Court recommends that Walters's case be dismissed as malicious and without prejudice.

## I.   BACKGROUND

### A.  Factual Background

The events giving rise to this action allegedly occurred at the West Texas Detention Center ("WTDC") in Sierra Blanca, Texas.  Walters was held in custody at the WTDC between November 12, 2021, and October 5, 2022, as a pre-trial detainee—in connection with a criminal prosecution against him in *United States v. Walters*, No. 4:21-CR-00327-DC, in the Pecos

Division of this District.[1]  According to Walters, Defendant LaSalle Corrections V, LLC ("LaSalle") operates the WTDC and contracted with Hudspeth County, which owns the WTDC, to house federal pre-trial detainees there.[2]  The following factual allegations are taken from Walters's Complaint (ECF No. 3).

On November 12, 2021, Walters arrived at the WTDC.[3]  During a medical evaluation conducted as part of his intake process, he informed Amy Vasquez, a registered nurse, that "he started experiencing pain in his left shoulder a week prior."[4]  On November 17, Walters submitted a "sick call" form to see a provider about the pain.[5]  On November 22, Desiree Medina, a provider, examined him, prescribed Tylenol, and ordered an x-ray of his shoulder.[6]

On November 25, 2021, Thanksgiving Day, at approximately 10 a.m., Walters dislocated his left shoulder while getting out of his bunk.[7]  At approximately 10:30 a.m., he told R. Solares, an on-duty correctional officer who was making his rounds, that his shoulder was dislocated and

---

[1] In the criminal case, Walters was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One) and internet stalking in violation of 18 U.S.C. § 2261A(2)(B) (Count Two).  Superceding Indictment, *United States v. Walters*, No. 4:21-CR-00327-DC (W.D. Tex. Dec. 9, 2021), ECF No. 26.  On April 28, 2022, Walters pled guilty to both counts.  Findings of Fact & Recomm. on Felony Guilty Plea Before U.S. Magistrate J., No. 4:21-CR-00327-DC, ECF No. 91.  On August 23, 2022, the Honorable David C. Counts, United States District Judge, sentenced Walters to 71 months in prison as to Count One and 60 months in prison as to Count Two, with the two terms of imprisonment to run concurrently.  Judgment in Criminal Case, No. 4:21-CR-00327-DC, ECF No. 120.  At the time of this Report and Recommendation, Walters is at FCI El Reno in Oklahoma.

[2] Compl. at ¶¶ 2, 5, ECF No. 3.

[3] *Id.* at ¶ 7.

[4] *Id.*

[5] *Id.* at ¶ 13.

[6] *Id.* at ¶ 14.

[7] *Id.* at ¶ 16.

that "he needed to see someone in the medical department."[8]  Solares responded that Walters

would need to submit a "sick call" form and he would be seen by a medical provider the

next day.[9]  Walters filled out a form for sick call and gave it Solares.[10]  During the afternoon,

Walters told Doe 1, a second correctional officer who relieved Solares while Solares went on a

break, that "his left shoulder was dislocated and that he had to see medical staff."[11]  Doe 1 told

Walters that "because it was Thanksgiving Day[,] no provider would be on the unit until after the

holiday weekend"; Doe 1 gave him another "sick call" form, and Walters filled out the form and

gave it back to Doe 1.[12]

On the same day, at approximately 7:30 p.m., Victor Duran, a registered nurse, responded

to the first "sick call."[13]  Walters told him that "he had a dislocated shoulder and was in extreme

pain."[14]  Duran told Walters that "no provider would be available until after the holiday

weekend"; he did not "perform a hands[-]on physical [examination] of [Walters's] shoulder."[15]

At some point later, Walters asked Doe 2, a third correctional officer who started his shift at 6

p.m. and was present during Walters's conversation with Duran, "to contact someone who could

send [him] to the hospital," but his request went unheeded.[16]  At approximately 10:30 p.m.,

---

[8] *Id.* at ¶ 17.

[9] *Id.* at ¶ 18.

[10] *Id.* at ¶ 19.

[11] *Id.* at ¶ 22.

[12] *Id.* at ¶¶ 21–23.

[13] *Id.* at ¶ 24.

[14] *Id.* at ¶ 24.

[15] *Id.*

[16] *See id.* at ¶ 25

Walters told Lopez, a licensed vocational nurse who administered "pill call" to Walters's housing unit, that "his shoulder was dislocated and that he needed a doctor or something for the pain."[17]

On the following morning, at approximately 7 a.m. on November 26, 2021 (*i.e.*, 21 hours after Walters allegedly dislocated his shoulder), Vasquez responded to Walters's second "sick call" made on the day prior.[18]  She performed a hands-on examination of Walters's shoulder; she determined that Walters had an anterior dislocation and he needed emergency care at a hospital.[19]  He was taken to Del Sol Medical Center, approximately 80 miles away from the WTDC, some 25 hours after his shoulder was dislocated.[20]  A doctor at the hospital examined Walters and manipulated his shoulder back into place on a third attempt.[21]  Previously, in June 2019, Walters had a total shoulder replacement procedure whereby a prosthesis was placed in his left shoulder.[22]  An x-ray taken on November 26, 2021, at Del Sol Medical Center, showed that Walters had a fracture in the prosthesis.[23]

LaSalle scheduled Walters to see an orthopedic surgeon in El Paso.[24]  In January 2022, the surgeon evaluated Walters; the surgeon did not perform any surgery on him, though he

---

[17] *Id.* at ¶ 27.

[18] *Id.* at ¶ 28.

[19] *Id.*

[20] *Id.* at ¶ 30.

[21] *Id.*

[22] *Id.* at ¶ 32; Pl.'s Mot. for Permission to Proceed with Case, *Walters v. LaSalle,* No. 3:21-CV-00300-DCG-MAT, ECF No. 33.

[23] Compl. at ¶ 32.

[24] *Id.* at ¶ 34.

referred him to see a second surgeon.[25]  Weeks later, the second surgeon saw Walters, verified

the fracture in his prosthesis, and recommended surgery at the soonest available time.[26]

According to Walters, "it is the [second] surgeon's position, as verified in the medical records,

that the prolonged dislocation was the proximate cause of the prosthesis failure which ultimately

led to [Walters] needing a painful surgical procedure."[27]  Walters's Complaint does not state

whether he underwent surgery as recommended or otherwise.

## B.  Procedural Background

On August 10, 2022, Walters initiated this action by filing an application to proceed *in

forma pauperis* together with a complaint attached thereto.[28]  On August 12, the Court granted

his application, but directed him to make periodic installments until he has paid the total filing

fees of $350.00.[29]  His Complaint (ECF No. 3) was docketed on the same day.  Invoking

diversity jurisdiction, 28 U.S.C. § 1332, Walters asserts the following state-law claims for: (1)

cruel and unusual punishment in violation of Article 1, Section 13 of the Texas constitution, (2)

negligence, (3) negligent hiring, (4) negligent training, and (5) "mental anguish" (apparently, a

claim for negligent infliction of emotional distress).

---

[25] *Id.* at ¶¶ 35–36.

[26] *Id.* at ¶¶ 36-37.

[27] *Id.* at 37.  By "prolonged dislocation," Walters seems to refer to his shoulder dislocation that lasted about 25 hours until November 26, 2021, when a doctor at Del Sol Medical Center manipulated his shoulder back into place.  *See id.* at ¶ 81 ("Defendant's negligent hiring and training of its officers resulted in Plaintiff having his left shoulder dislocated for 25 hours, thus causing a fracture in his 2019 implanted prosthesis.").

[28] Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs, ECF No. 1.

[29] Order Granting Appl. to Proceed *In Forma Pauperis*, ECF No. 2.  The record does not indicate that Walters made any payment.

Throughout his Complaint, Walters alleges that the three correctional officers—Solares, Doe 1, and Doe 2—"intentionally ignored the obvious distress that [he] was in when he had an obviously deformed and dislocated shoulder,"[30] failed to "call[] an ambulance, or call[] the detention center's medical department in order to get an expert's diagnosis,"[31] and failed to "transport[] [him] to an El Paso hospital emergency room."[32]  He claims their acts or omissions were "the proximate cause of [his] injury"[33]—his fractured prosthesis.[34]  In turn, for each claim, Walters seeks to hold LaSalle liable for its alleged negligent hiring and training of the correctional officers;[35] he also faults LaSalle for "not establishing a policy to make employee first aid certification a mandatory requirement for employment at the WTDC"[36]  Walters seeks a declaration that LaSalle violated his rights secured under Article 1, Section 13 of the Texas constitution and damages in the amount of more than $250,000 but less than $500,000—for pain

---

[30] Compl. at ¶ 42.

[31] *Id.*  at ¶ 62.

[32] *Id.* at ¶ 74.

[33] *Id.* at ¶ 50.

[34] *Id.* at ¶ 48.

[35] *Id.* at ¶ 42 ("Defendant breached that duty when it negligently hired and trained correctional officers who had no first aid training.]" (Texas constitutional claim)); *id.* at 56 ("Defendant breached this duty by having uncertified staff in a position of control over Plaintiff who could not obtain first aid due to Solares, Doe 1, and Doe 2 not being certified.") (negligence claim)); *id.* at ¶ 64 ("Defendant hired individuals knowing that they do not possess first aid training, and only requires them to have or obtain a CPR certification upon employment." (negligent hiring claim); *id.* at ¶ 74 ("Defendant's employees intentionally did not seek emergency care for Plaintiff because they were negligently trained to believe that on holidays Plaintiff could not get treatment on the facility for his dislocated shoulder." (negligent training claim)); *id.* at ¶ 81 ("Defendant's negligent hiring and training of its officers resulted in Plaintiff having his left shoulder dislocated for 25 hours, thus causing a fracture in his 2019 implanted prosthesis." (potentially, negligent infliction of emotional distress claim)).

[36] *Id.* at ¶ 55.

and suffering, and unspecified medical and other healthcare costs that he would incur upon his release from the prison.[37]

While preparing a motion to dismiss, LaSalle's counsel discovered a pre-filing injunction order issued by Judge Austin.  On September 14, 2022, LaSalle filed an unopposed motion to stay the case until Walters complies with the pre-filing injunction and secures an order from a judge in this District that allows him to proceed with this lawsuit.[38]  On September 15, the Court stayed the case and ordered Walters to comply with the pre-filing injunction by October 3, 2022.[39]  On September 16, 2022, the Clerk's Office received, and docketed, Walter's Advisory to the Court (ECF No. 22), which Walters mailed from the WTDC on September 14.[40]  Therein, Walters requests the Court that his case be allowed to proceed.

Subsequently, in contemplating whether to impose monetary sanctions upon Walters for his failure to seek leave before filing this lawsuit and a recent, prior lawsuit (which will be discussed shortly) that Walters had brought in this Division, the Court ordered LaSalle to submit an itemization of all costs and attorneys' fees it incurred in defending this and the prior lawsuit.[41]  That order spawned off multiple filings by both sides,[42] including Walters's Motion to Strike (ECF No. 55) a sealed document that LaSalle filed together with one of its filings.

---

[37] *Id*. at ¶¶ 87–91.

[38] Mot. to Stay due to Prior Anti-Suit Injunction in W.D. at 5, ECF No. 19.

[39] Order Granting Def.'s Unopposed Mot. to Stay, ECF No. 20.

[40] Pl.'s Advisory to Ct., ECF No. 22.

[41] Order for Def. to Provide Suppl. Info., ECF No. 25.

[42] *See, e.g.*, ECF Nos. 28, 35, 44, 54.

### C. Prior Pre-Filing Injunctions

#### 1. Federal-Court Pre-Filing Injunction

On September 30, 2019, Judge Austin, then a United States magistrate judge, ordered: "Mark Walters is enjoined from filing a civil suit in the Western District of Texas unless he first obtains permission to file such a suit from a judge of this court." *Walters v. Tenant Background Search*, No. 1:16-CV-01092-DAE, 2019 WL 4849204, at *6 (W.D. Tex. Sept. 30, 2019) (capitalization omitted)

In issuing the injunction, Judge Austin observed that "Walters began his litigation career in this court while in prison." *Id.* at *5 & n.1 (citing illustrative cases from 2012). He wrote that Walters "is a 'frequent litigant' in this court, having filed nine lawsuits here in the past seven years" and he "has a habit of making inappropriate statements in pleadings, and using foul and threatening language in depositions." *Id.* at *1. Further, the judge added, Walters used inappropriate comments about the opposing party's counsel's spouse and even, about the court. *Id* at *1, *4. Judge Austin also suspected that Walters might have "fabricated the entire factual basis of this and [a] prior lawsuit." *Id.* at *2. Separately, he certified that Walters's motion to proceed *in forma pauperis* on appeal was taken in bad faith. Order, *Tenant Background Search*, No. 1:16-CV-01092-DAE (W.D. Tex. Oct. 2, 2019), ECF No. 60.

On appeal, the Fifth Circuit agreed with Judge Austin. The court noted: "The magistrate judge offered a myriad of reasons, supported by the record in the instant case and Walters's prior . . . case . . . , for finding that Walters had engaged in abusive and vexatious conduct against opposing parties, their counsel, and the court." *Walters v. Tenant Background Search*, 849 F. App'x 476, 480 (5th Cir. Mar. 12, 2021). Rejecting Walters's arguments challenging Judge Austin's orders, the panel concluded that his arguments "fail[ed] to show that the imposition of

the pre-filing injunction involves legal points arguable on their merits." *Id.* at 479 (internal quotes omitted). The panel denied his motion to proceed *in forma pauperis* on appeal and dismissed his appeal as frivolous. *Id.* at 480.

### 2.   *State-Court Pre-Filing Injunction*

As LaSalle points out,[43] on November 3, 2020, Judge Dustin Howell, then a state court judge, declared Walters a vexatious litigant. Order on Def.'s Mot. to Declare Pl. a Vexatious Litigant at 1, *Walters v. Ascension Seton*, No. D-1-GN-20-000731 (345th Dist. Ct., Travis County, Nov. 3, 2020), *available at* https://www.txcourts.gov/judicial-data/vexatious-litigants/ (search for Last Name – "Walters," First Name – "Mark," and date – "11/3/2020") (last visited Feb. 9, 2023). Judge Howell ordered: "Plaintiff must not file as a pro se party any new litigation in a court in Texas against any party, the defendant and its agents, directors, officers, employees, heirs, assigns without first obtaining permission from the appropriate local administrative judge as required by Texas Civil Practice & Remedies Code section 11.102(a)." *Id.*

### D.   Other Recent Lawsuits Brought by Plaintiff

In this round of litigation—spanning between December 6, 2021, and August 17, 2022—Walters initiated two other lawsuits in this District and at least four lawsuits in Texas courts. He initiated each of these lawsuits *pro se* and *in forma pauperis* without first requesting permission to file them in contravention of the relevant pre-filing injunction.

---

[43] Def.'s Unopposed Mot. to Stay at 3 & n.3, 4, ECF No. 19.

## 1.  *Federal-Court Cases*[44]

### (a)    *Walters v. LaSalle Corrections*, No. 3:21-CV-00300-DCG-MAT (W.D. Tex.)

On December 6, 2021, Walters sued LaSalle under 28 U.S.C. § 1983 for failure to provide him access to certain categories of legal research materials and adequate time to conduct legal research and draft papers so that he could bring civil lawsuits based on the November 25, 2021 events at the WTDC.[45]  He sought injunctive relief requiring LaSalle to provide him access to "an electronic legal search engine such as Lexis-Nexis, Westlaw or Casemaker" and "a minimum of 5 hours per week to do legal research and write/type his legal pleadings and discovery request in his civil case."[46]

Walters filed multiple motions for a temporary injunction against LaSalle and motions to amend his complaint; he also filed a motion to hold LaSalle in contempt of court, which he later withdrew.  On September 14, 2022, LaSalle moved to stay the case, pointing out that Walters had failed to seek permission to bring the lawsuit as required by Judge Austin's pre-filing injunction.[47]  On November 15, 2022, Walters moved to dismiss the case,[48] and the Honorable David Guaderrama, United States District Judge, dismissed the case on November 17, 2022.

---

[44] "A court may take judicial notice of related proceedings and records in cases before the same court."  *MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985).

[45] Am. Compl. at ¶¶ 5, 6, 10, 11, 22-32, 40, *Walters v. LaSalle Corr.*, No. 3:21-CV-00300-DCG-MAT (W.D. Tex.), ECF No. 3.

[46] *Id*. at 9 (see "VIII.  Relief" section).

[47] Def.'s Unopposed Mot. to Stay, No. 3:21-CV-00300-DCG-MAT, ECF No. 31.

[48] Pl.'s Mot. to Dismiss Due to Mootness, No. 3:21-CV-00300-DCG-MAT, ECF No. 35.

(b)     **_Walters v. LaSalle Corrections, John Doe 1, John Doe 2, John Doe 3, R.N._**
        **_Victor Duran, LVN Lopez_**, No. 3:22-CV-00035-KC-ATB (W.D. Tex.)

On January 25, 2022, Walters sued LaSalle and its employees John Doe 1 (i.e., Solares),

John Doe 2, John Doe 3, Victor Duran, and Lopez—based on the same series of events and

virtually identical allegations of facts Walters later asserted in the present lawsuit.  Against the

individual defendants, Walters asserted claims for gross negligence and intentional infliction of

emotional distress; against LaSalle, he asserted claims for negligent hiring and training; and

against all defendants, he asserted claims for violations of his right to be free from cruel and

unusual punishment under the Eighth Amendment to the United States Constitution and for

"mental anguish" (apparently, negligent infliction of emotional distress).  He sought a

declaration that the defendants violated his rights under the color of law and damages, in an

unspecified amount, for pain and suffering and for unspecified medical and other healthcare

costs that he would incur upon his release from the prison.[49]

On April 1, 2022, the defendants filed a motion to dismiss.[50]  On June 21, 2022, this

Court issued a report and recommendation, recommending that the defendants' motion be

granted.[51]  Specifically, regarding Walters's Eighth Amendment claims, the Court found that to

the extent that the claims were brought under 28 U.S.C. § 1983, his claims fail because, based on

the facts alleged, the defendants were acting as federal, not state, actors, and to the extent that the

claims were brought under _Bivens v. Six Unknown Named Agents of Federal Bureau of_

_Narcotics_, 403 U.S. 388 (1971), his claim against LaSalle was foreclosed by _Correctional_

---

[49] Compl. & Jury Demand at ¶¶ 95, 97–98, _Walters v. LaSalle Corr., et al._, No. 3:22-CV-00035-
KC-ATB (W.D. Tex.), ECF No. 3.

[50] Mot. to Dismiss & Br. in Support, No. 3:22-CV-00035-KC-ATB (W.D. Tex.), ECF No. 26.

[51] R & R of Magistrate Ct., No. 3:22-CV-00035-KC-ATB, ECF No. 48.

*Services Corp v. Malesko*, 534 U.S. 61 (2001), and his claims against the individual defendants were not cognizable "since extending *Bivens* is disfavored when Walters already has an adequate alternative remedy for his claims, namely state tort law."[52]  The Court recommended dismissal of Walters's state-law claims because it lacked original or supplemental jurisdiction to hear them.[53]

On July 25, 2022, Walters filed a notice to the court, wherein he stated that having reviewed the report and recommendation, he believed that this Court's "analysis of the pleadings, documents, and other papers on file, supports [its] reasoning."[54]  He did not file any objection to the report.  On July 28, 2022, the Honorable Kathleen Cardone, United States District Judge, dismissed Walters's complaint, finding that this Court's "findings and conclusions are neither clearly erroneous nor contrary to law."[55]

### 2. *State-Court Cases*[56]

(a)  ***Walters v. Victor Duran, Lopez, Solares, John Doe 1, and John Doe 2*, No. 2022DCV2230 (34th Dist. Ct., El Paso County, Tex.)**

On August 2, 2022, Walters sued five LaSalle employees, namely, Victor Duran, Lopez, Solares, John Doe 1, and John Doe 2, who were named as defendants (together with LaSalle) in *Walters v. LaSalle Corr., et al.*, No. 3:22-CV-00035 (W.D. Tex.), *supra*.[57]  The factual

---

[52] *Id.* at 11, 13, 17.

[53] *Id.* 17–19.

[54] Pl.'s Notice to Ct., No. 3:22-CV-00035-KC-ATB, ECF No. 54.

[55] Order Accepting R & R of Magistrate J., Granting Defs.' Mot. to Dismiss, & Dismissing Pl.'s Compl., No. 3:22-CV-00035-KC-ATB, ECF No. 56.

[56] On February 10, 2023, LaSalle submitted, together with a declaration by its counsel, copies of Walters's complaints in various state-court lawsuits that are mentioned in LaSalle's motion to stay and other filings.  Resp. to Order to Def. to Submit Compls. & Docket Sheets, ECF No. 63.

[57] Orig. Pet., Jury Demand, & Req. for Disclosures, at ¶¶ 3–7, *Walters v. Duran, et al.*, No. 2022DCV2230 (34th Dist. Ct., El Paso County, Tex. Aug. 2, 2022), *submitted as* Ex. A-3, Moos Declr., ECF No. 63-4.

allegations of Walters's state-court complaint are virtually identical to those Walters previously made in 3:22-CV-00035 and later made in the present lawsuit.[58]  In the state-court complaint, Walters asserts claims for gross negligence, negligence per se, intentional infliction of emotional distress, and "mental anguish."  He seeks damages in the amount of more than $250,000 but less than $500,000.[59]  On September 9, 2022, the defendants filed a notice of vexatious litigant.[60]  Walters sent correspondence, dated September 5, 2022, to the Honorable Anna Perez, the El Paso County Local Administrative Judge, requesting permission to continue the lawsuit.[61]  To date, the case docket shows no action by the administrative judge, and the lawsuit remains pending.[62]

> **(b)**     **Other State-Court Cases**

On May 19, 2022, Walters sued LaSalle in *Walters v. LaSalle Corrections V, LLC*, No. CV-05629-205 (205th Dist. Ct., Hudspeth County, Tex.) on the basis of a disciplinary action taken against him by the WTDC.  He was disciplined for using "F-ing" word against the WTDC personnel.[63]  Following an administrative hearing, he was sanctioned "with 15 days telephone, commissary, and visitation restrictions."[64]  Walters sued LaSalle for violating Article 1, Section

---

[58] *Compare id.*, at ¶¶ 10–42, *with* Compl., at ¶¶ 10–42, *Walters v. LaSalle Corr., et al.*, No. 3:22-CV-00035-KC-ATB (W.D. Tex. Feb. 2, 2022), *and* Compl., at ¶¶ 6–38.

[59] Orig. Pet., Jury Demand, & Req. for Disclosures, at ¶ 107, No. 2022DCV2230.

[60] Moos Declr., at ¶ 4.

[61] *Id.* at ¶¶ 4–5.

[62] *Id.* at ¶ 4.

[63] Orig. Pet., Jury Demand & Req. for Permanent Inj. at ¶¶ 9–10, *Walters v. LaSalle Corr. V, LLC*, No. CV-05629-205 (205th Dist. Ct., Hudspeth County, Tex. May 19, 2022), *submitted as* Ex. A-1, Moos Declr., ECF No. 63-2.

[64] *Id.* at ¶ 11.

8 (free speech) and Article 1, Section 13 (due course of law) of the Texas constitution.  He

sought injunctive relief and less than $100,000 in damages.[65]  On September 9, 2022, LaSalle

filed a notice of vexatious litigant; on September 26, Walters submitted a copy of his

correspondence to the Honorable Stephen Able in Kerrville, Texas, apparently, the Local

Administrative Judge for Hudspeth County, requesting permission to continue the lawsuit; and

on the same day, the case was stayed.[66]  The case docket shows no action by the administrative

judge.  On November 18, 2022, Walters filed a motion to dismiss the case due to mootness,

though, to date, no order has been issued dismissing the case.[67]

On August 1, 2022, Walters sued Las Palmas Del Sol Urgent Care, PLLC, where he was

treated for his dislocated shoulder on November 26, 2021, in *Walters v. Las Palmas Del Sol*

*Urgent Care, PLLC*, No. 2022-DCV-2220 (327th Dist. Ct., El Paso County, Tex.), for disclosing

his medical records to the WTDC.[68]  In his complaint, he asserts that on May 2, 2022, he notified

Las Palmas that any previously signed release of healthcare information document that Las

Palmas may have on file from the WTDC had been revoked, but that on May 24, 2022, a Las

Palmas medical record specialist faxed all of his medical records to the WTDC's medical

department without his permission.[69]  He asserts claims for invasion of privacy, promissory

estoppel, breach of duty of confidentiality, and "mental anguish"; he seeks injunctive relief and

---

[65] *Id.* at ¶¶ 26–27.

[66] Moos Declr. at ¶ 3, ECF No. 63-1.

[67] *Id.*

[68] Verified Orig. Pet., Jury Demand, Req. for Permanent Inj., & Req. for Disclosures, at ¶ 9, *Walters v. Las Palmas Del Sol Urgent Care, PLLC*, No. 2022-DCV-2220 (327th Dist. Ct., El Paso County, Tex., Aug. 1, 2022), *submitted as* Ex. A-7, Moos Declr., ECF No. 63-7.

[69] *Id.* at ¶¶ 13, 17.

less than $100,000 in damages.[70]  On August 25, 2022, Las Palmas filed a notice of vexatious

litigant, and on September 1, 2022, an order was issued, staying the case until Las Palmas is

served with a copy of an order entered by the appropriate local administrative judge permitting

Plaintiff to file his litigation.[71]  On September 7, 2022, Plaintiff filed a copy of his

correspondence requesting permission to proceed with his case.[72]  To date, the case docket

shows no action by a local administrative judge, and the lawsuit remains pending.[73]

On August 17, 2022, Walters sued LaSalle again, this time, in *Walters v. LaSalle Corr. V,*

*LLC*, No. 2022-DCV-2391 (346th Dist. Ct., El Paso County, Tex.) for obtaining his medical

records from Las Palmas Del Sol Urgent Care and sharing the records with others—without his

permission.[74]  Walters alleges that although upon his arrival at the WTDC on November 12,

2021, he signed an authorization to release his healthcare information from third party healthcare

entities and physicians, he subsequently revoked that authorization, but that between May 23 and

24, 2022, LaSalle requested and obtained his medical records from Las Palmas and later shared

the records with U.S. Marshal Service and LaSalle's outside counsel.[75]  He asserts claims for

---

[70] *Id.* at ¶¶ 43–44.

[71] Moos Declr., at ¶ 7.

[72] *Id.*

[73] *Id.*

[74] Verified Orig. Pet., Jury Demand, Req. for Permanent Inj., & Req. for Disclosures, at ¶¶ 14, 18, *Walters v. LaSalle Corrections V, LLC*, No. 2022-DCV-2391 (346th Dist. Ct., El Paso County, Tex., Aug. 17, 2022), *submitted as* Ex. A-5, Moos Declr., ECF No. 63-6.

[75] *Id.* at ¶¶ 9, 12, 14, 15, 18.

invasion of privacy, promissory estoppel, and breach of duty of confidentiality; he seeks injunctive relief and less than $100,000 in damages.[76]   To date, the lawsuit remains pending.[77]

## II.   DISCUSSION

### A.  Plaintiff's Failure to Timely Seek Leave to Proceed

Walters states that he mistakenly filed this lawsuit without first obtaining permission to do so and that he was recently made aware by LaSalle's counsel about Judge Austin's pre-filing injunction.  Pl.'s Advisory to Ct. at 1, ECF No. 22.  He now requests the Court that this case be allowed to proceed.  *Id.* at 2.  In a subsequent submission, he states that he regrets his conduct three to four years ago (when the pre-filing injunction was issued) and is sincere in stating that he did not recall Judge Austin's order before filing this lawsuit.  Pl.'s Resp. to Ct.'s Order for Def. to Provide Suppl. Info. at 3, ECF No. 28.  Walters adds that because of the length of time that had elapsed since Judge Austin issued the injunction and his mental health crisis that led him to become suicidal, he did not recall the requirement for first obtaining court's permission to file this suit.  *Id.* at 1–2; Pl.'s Reply to Def.'s Resp. to ECF No. 25, at 3–5, ECF No. 54.

LaSalle suspects that Walters is fabricating his "purported suicidal ideations" to justify his failure to seek permission to proceed before bringing this lawsuit.  Def.'s Resp. to ECF No. 25 at 5, 7, ECF No. 35.  According to LaSalle, Walters's latest filing is the first time that it has been apprised of any purported mental-health issue.  *Id.* at 5.  Further according to LaSalle, there is no record of Walters ever advising the WTDC personnel of any prior suicidal ideation; nor did Walters so advise during his suicide screening that was performed pursuant to regulations by the Texas Commission on Jail Standards.  *Id.* at 5–6.

---

[76] *Id.* at ¶¶ 47–48.

[77] Moos Declr., at ¶ 5.

The Court observes that subsequently, Walters submitted a declaration pursuant to 18 U.S.C. § 1746, wherein, under the penalty of perjury, he narrates various instances involving suicidal ideations.  Walters Declr., ECF No. 54-1.  As important, he declares that "it never dawned on me when I filed suit against LaSalle that there was a 3 year old court order that needed to be addressed first."  *Id.* at ¶ 36.  Even when LaSalle's counsel brought Judge Austin's order to his attention, he says, "I vaguely remembered it."  *Id.*

On this posture, the Court is unable to assess Walters's credibility, or lack thereof, as to the reasons why he failed to remember Judge Austin's order.  Whatever the truth or falsity of the stated reasons, the Court reluctantly accepts his declaration under the penalty of perjury that he did not recall the order when he brought this lawsuit.  Moreover, since then, Walters has requested the Court's permission to proceed in this case.  At this time, the Court, with considerable hesitation, declines to sanction (monetarily or otherwise) him for his failure to comply with Judge Austin's pre-filing injunction before bringing this lawsuit.  Next, the Court screens his Complaint to determine whether his case should be allowed to proceed.

**B.  Screening Plaintiff's Complaint under 28 U.S.C. § 1915**

As recounted earlier, Walters initially, on January 25, 2022, sued LaSalle and five of its employees in this Court in *Walters v. LaSalle Corr., et al.*, No. 3:22-CV-00035-KC-ATB (W.D. Tex.) (hereinafter, *Walters I*) based on the events that allegedly occurred at the WTDC on November 25, 2021.  On July 28, 2022, the Court dismissed that lawsuit because his federal constitutional claims asserted therein were not cognizable and the Court lacked jurisdiction over his state law claims.  Order Accepting R & R of Magistrate J., Granting Defs.' Mot. to Dismiss, & Dismissing Pl.'s Compl., *Walters I*, ECF No. 56; R & R of Magistrate Ct., *Walters I*, ECF No. 48.  A few days later, on August 2, 2022, Walters sued the LaSalle employees (but not LaSalle)

asserting state law claims in state court in *Walters v. Duran, et al.*, No. 2022DCV2230 (34th Dist. Ct., El Paso County, Tex) (hereinafter, *Walters II*), which is currently pending.  A few days later, on August 10, 2022, Walters sued LaSalle (but not the employees) in the present lawsuit asserting state law claims premised upon diversity jurisdiction.

In each of the above three lawsuits (as in other cases discussed earlier), Walters filed a *pro se in forma pauperis* complaint without first seeking permission from a relevant court in contravention of the relevant pre-filing injunction.  A review of Walters's complaints in the above three lawsuits reveals that they involve near-identical factual allegations, though some of the claims asserted are different.  *Compare* Compl., at ¶¶ 6–38, ECF No. 3, *with* Orig. Pet., Jury Demand, & Req. for Disclosures, at ¶¶ 10–42, *Walters II* (pending), *submitted as* Ex. A-3, Moos Declr., ECF No. 63-4, *and* Compl., at ¶¶ 10–42, *Walters I* (previously dismissed).

To be sure, Walters could have added LaSalle as a defendant in his state court petition in *Walters II*—after complying with the state-court pre-filing injunction.  Instead, Walters sued LaSalle in this case in the federal forum.  His claims against LaSalle here, all of which arise under Texas law, are based on the same acts or omissions he alleges against the LaSalle employees in *Walters II*.  So, were this case be allowed to proceed in parallel with *Walters II*, the same witnesses would have to be deposed and called to testify at trial, and largely the same discovery would have to be conducted in both cases—resulting in a duplication of judicial resources, litigation expenses, and burden on the witnesses.

Mindful that ordinarily, where the state and federal courts have jurisdiction over the same matter, a plaintiff is free to "simultaneously pursu[e] claims in both courts," *Aptim Corp. v. McCall*, 888 F.3d 129, 148 (5th Cir. 2018), the Court makes the following observations.  First, in a period of over eight months, Walters brought seven lawsuits in state and federal courts, six of

them against LaSalle and/or its employees, and later moved to dismiss two of them.  *See* Part I.D, *supra*.  Second, he seems to be more interested in extracting settlement dollars than resolving his disputes on the merits.  *See* Pl.'s Reply to Def.'s Resp. to ECF No. 25, at 5 ("Defendant could have settled this case for the amount that it has already spent in defending it.").  Third, he seems to be using this Court as a sounding-board so that he can fine-tune his complaint(s) or file yet another lawsuit.  For example, in *Walters I*, after the defendants moved to dismiss his complaint, but before this Court issued its report and recommendation, he expressed his intent to wait until after this Court rules on the motion to "correct deficiencies in the original complaint noted by the Court."  Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss at 21, *Walters I*, ECF No. 34.  And in this case, he expressly urges the Court to conduct "a full screening of his claims pursuant to 28 U.S.C. § 1915."  Pl.'s Advisory to Ct. at 3.  These instances of his conduct, in combination, suggest an abuse of his right of access to the court and his *in forma pauperis* status.

Be that as it may, the Court accepts Walters's invitation to screen this case pursuant to 28 U.S.C. § 1915.  Section 1915(e) reflects Congress's recognition that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (discussing § 1915(d), which has since been renumbered as § 1915(e)).  "To prevent such abusive or captious litigation," *id.*, the statute authorizes federal courts to dismiss,

at any time, an *in forma pauperis* case, if it "fails to state a claim on which relief may be granted,"[78] or is "frivolous,"[79] or is "malicious."  28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

A plaintiff's "case is malicious if it is duplicative of a pending or previous lawsuit" by him.  *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993), and *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).  Specifically, a plaintiff's case is malicious if it "aris[es] from the same series of events and alleg[es] many of the same facts" as in a pending or earlier case by him.  *Bailey*, 846 F.2d at 1021.[80]  Moreover, for purposes of § 1915(e)(2)(B)(i), a case is duplicative, and therefore malicious, even if it asserts claims or names defendants that are different from those asserted or named in the other pending or earlier case.  *See Bazemore v. Casey*, 433 F. App'x 326, 327 (5th Cir. 2011) (rejecting the argument that the "claims in the instant case are not duplicative of those in [a] prior case" and finding that the instant case is "malicious because both the instant case and [the] prior case involve 'the same series of events' and contain allegations of 'many of the same facts.'" (quoting

---

[78] The determination of whether a complaint "fails to state a claim on which relief may be granted" under § 1915(e) is governed by the same standard that governs the same determination under Federal Rule of Civil Procedure 12(b)(6).  *Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016).  "Under that standard, a complaint will survive dismissal for failure to state a claim if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 210 (internal quotes omitted).  "Thus, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (brackets and internal quotes omitted).

[79] An action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke*, 490 U.S. at 325.  Thus, a complaint is frivolous when it is based on "an indisputably meritless legal theory" such as when "the defendants are immune from suit," or based on "clearly baseless" factual contentions such as those involving "fantastic or delusional scenarios."  *Id.* at 327–28.

[80] *See also Annamalai v. Sivanadiyan*, 713 F. App'x 409, 410 (5th Cir. 2018) ("Because Annamalai filed a nearly-identical suit in another forum before filing his suit in the district court, the district court did not abuse its discretion . . . in dismissing the complaint as malicious."); *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) ("A complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation." (citing, among others, *Pittman*, 980 F.2d at 994–95)).

*Bailey,* 846 F.2d at 1021)); *Wesley v. LeBlanc,* 815 F. App'x 817, 818 (5th Cir. 2020) (concluding that the district court did not err in dismissing the plaintiff's complaint as duplicative and malicious despite the plaintiff's argument that "the named defendant . . . was not named in his prior lawsuits").[81]  An *in forma pauperis* plaintiff may "obtain[] one bite at the litigation apple—but not more."  *Pittman,* 980 F.2d at 995.

McBride v. Powers,* 364 F. App'x 867 (5th Cir. 2010), is instructive.  There, the plaintiff brought a *pro se in forma pauperis* case in federal court.  After the district court granted his motion to appear *in forma pauperis,* the defendants moved to dismiss his complaint, *inter alia,* on the ground that it duplicated a pending state-court lawsuit.  *McBride,* 364 F. App'x at 870. The lower court granted the motion, finding that his complaint was "malicious" within the meaning of § 1915(e)(2)(B)(i) because "the underlying facts found in [his] pending . . . complaint duplicate the allegations presented by him previously in his state court action."  *Id.* On appeal, the Fifth Circuit held that the lower court did not err in dismissing the federal case as "malicious" because the plaintiff filed "a near-identical suit in another forum."  *Id.* at 871. Further, for the Fifth Circuit, it was of no moment that subsequent to the lower court's dismissal, the state-court lawsuit was dismissed.  *Id.* at 871 n.1.  The court explained, "the eventual dismissal of [the plaintiff's] state-court lawsuit does not change the fact that his federal lawsuit was malicious at the time it was filed."  *Id.*

Here, as mentioned, the present lawsuit involves claims based on the same series of events and near-identical factual allegations that Walters asserted in his pending state-court lawsuit, *Walters II.*  Consequently, under *McBride,* the Court finds that this case is duplicative of

---

[81] *See also Bailey,* 846 F.2d at 1021 ("In this case, Bailey's complaint repeats the same factual allegations that he asserted in his earlier case, although he successively sued different defendants. . . . We perceive no abuse of the district court's discretion in dismissing this case as duplicative of Bailey's prior litigation and subject to dismissal under section 1915(d).").

*Walters II* and therefore, is malicious under § 1915(e)(2)(B)(i).[82]  *See, e.g.*, *Newson v. Alford*, No. 09-CV-6595, 2010 WL 922942, at *1–*2 (E.D. La., March 9, 2010) (dismissing the *pro se* and *in forma pauperis* plaintiff's lawsuit as malicious because his pending lawsuit in state court "and the instant federal action concern the same events and facts, i.e. the alleged use of excessive force on April 2, 2009" (citing *McBride*, 364 F. App'x 867)); *Knight v. Guste*, No. 07-CV-1124, 2007 WL 1248039, at 1–*2 (E.D. La. April 27, 2007) (dismissing as malicious a frequent litigant and state pretrial detainee's *pro se* and *in forma pauperis* federal complaint for duplicating two lawsuits he previously filed in state court (citing *Bailey*, 846 F.2d at 1021)).

The Court therefore recommends that this case be dismissed without prejudice.  *See McBride*, 364 F. App'x at 871 (stating that the district court's dismissal of the plaintiff's case as "malicious" "should have been without prejudice"); *Pittman*, 980 F.2d at 995 (holding that dismissal as malicious "should have been without prejudice to [the plaintiff's] prosecution of the duplicative pending suit" in another court).

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff Mark Walters's above-captioned case be **DISMISSED AS MALICIOUS** and **WITHOUT PREJUDICE**. Because the case has been stayed,[83] the Court **RECOMMENDS** that **THE STAY BE LIFTED** prior to dismissing this case as recommended.

---

[82] Because the Court finds that Walters's case is malicious, it does not reach the questions of whether his case is frivolous or fails to state a claim on which relief may be granted.  *See McBride*, 364 F. App'x at 870–71 (declining to address the lower court's alternative ruling that the plaintiff's complaint fails to state a claim, because "it was proper to dismiss the lawsuit solely because it duplicated a state-court lawsuit" and therefore, was malicious).

[83] Order Granting Def.'s Unopposed Mot. to Stay, ECF No. 20.

So ORDERED and SIGNED this <u>14th</u> day of February 2023.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE</u>

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**