IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARK RICHARD WALTERS,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CAUSE NO. EP-22-CV-272-KC |
| | § | |
| LASALLE CORRECTIONS V, LLC,<br>    Defendant. | §<br>§ | |

## ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DISMISSING PLAINTIFF'S COMPLAINT

Mark Richard Walters (Walters), proceeding *pro se* and *in forma pauperis*, asserts claims against LaSalle Corrections V, LLC (LaSalle) arising from a 25-hour delay in obtaining medical care. His complaint is dismissed.

On November 25, 2021, Walters was awaiting trial on federal charges at the West Texas Detention Facility (WTDF) operated by LaSalle in Sierra Blanca, Texas. *See United States v. Walters*, No. P-21-CR-327-DC-1 (W.D. Tex.). While getting out of his bunk at approximately 10 a.m. that morning, he dislocated his left shoulder. Pl.'s Compl., ECF No. 3 at ¶ 16. He reported his injury to a LaSalle correctional officer at approximately 10:30 a.m. *Id*. at ¶ 17. He was told to submit a sick call request and advised he "would be seen by a medical provider the next day." *Id*. at ¶ 18. He approached another LaSalle correctional officer that afternoon and was told "because it was Thanksgiving Day no provider would be on the unit until after the holiday weekend." *Id.* at ¶ 22. He saw a registered nurse employed by LaSalle at about 7:30 p.m. that evening who told him "no provider would be available until after the holiday weekend." *Id.* at ¶ 24. He met with another registered nurse employed by LaSalle the following morning who recognized he had an "anterior dislocation" and "needed emergency care in a hospital." *Id*. at ¶ 28. As a result, he was taken to the "Del Sol Medical Center, an almost 80-mile drive from the detention center, and finally, 25 hours after the shoulder dislocation, was admitted to the

hospital." *Id.* at ¶ 30.

Invoking diversity jurisdiction under 28 U.S.C. § 1332, Walters asserts state-law claims against LaSalle for: (1) cruel and unusual punishment, in violation of Article 1, Section 13, of the Texas Constitution; (2) negligence; (3) negligent hiring; (4) negligent training; and (5) negligent infliction of emotional distress. *Id.* at ¶¶ 39–85. He demands a declaration that La Salle violated his rights under the Texas Constitution and damages in the amount of $250,000 to $500,000. *Id.* at ¶¶ 87–91.

While preparing a motion to dismiss, LaSalle's counsel discovered an order enjoining Walters "from filing a civil suit in the Western District of Texas unless he first obtains permission to file such a suit from a judge of this court." *See Walters v. Tenant Background Search*, No. A-16-CV-01092-DAE, 2019 WL 4849204, at *6 (W.D. Tex. Sept. 30, 2019) (capitalization omitted).[1] He accordingly filed an unopposed motion to stay the case until Walters complied with the order. Mot. to Stay, ECF No. 19. His motion was granted, the case was stayed, and Walters was ordered to comply with the pre-filing injunction. Order, ECF No. 20. Walters thereafter asked the Court to permit his case to proceed. Pl.'s Advisory, ECF No. 22.

The United States Magistrate Judge to whom the Court referred this matter screened Walters' claims pursuant to 28 U.S.C. § 1915. *Walters v. LaSalle Corr. V, LLC*, No. EP-22-CV-272-KC-ATB, 2023 WL 1991570, at *8–*9 (W.D. Tex. Feb. 14, 2023); *see* 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation). She noted § 1915(e)(2)(B) authorizes a court to dismiss "an *in forma pauperis* case if it 'fails to state a claim on which relief may be granted,' or is 'frivolous,' or is

---

[1] *See also Walters v. Ascension Seton*, No. D-1-GN-20-000731 (345th Dist. Ct., Travis County, Nov. 3, 2020), available at https://www.txcourts.gov/judicial-data/vexatious-litigants/ (search for "Walters") (last visited Apr. 4, 2023) (declaring Walters a vexatious litigant).

2

'malicious.' " *Id*. at *9. She explained a "case is malicious if it 'aris[es] from the same or series of events and alleg[es] many of the same facts' as in a pending or earlier case" brought by the plaintiff. *Id*. (quoting *Bailey v. Johnson*, 846 F. 2d 1019, 1021 (5th Cir. 1988)).

The Magistrate Judge observed that Plaintiff had previously filed two *pro se* lawsuits based on the same incidents and arising from the same alleged set of facts. *Id*. at *5–*6 (citing *Walters v. LaSalle Corrections, John Doe 1, John Doe 2, John Doe 3, R.N. Victor Duran, LVN Lopez*, No. EP-22-CV-35-KC (W.D. Tex., dism'd July 28, 2022) (*Walters I*); *Walters v. Victor Duran, Lopez, Solares, John Doe 1, and John Doe 2*, No. 2022DCV2230 (34th Dist. Ct., El Paso County, Tex.) (*Walters II*). She further observed that Walters had filed three other lawsuits against LaSalle. *Id*. at *4–*7 (citing *Walters v. LaSalle Corrections*, No. EP-21-CV-300-DCG (W.D. Tex., dism'd Nov. 12, 2022) (claiming LaSalle denied him access to legal research materials so he could bring civil lawsuits based on the November 25, 2021 events); *Walters v. LaSalle Corrections* V, LLC, No. CV-05629-205 (205th Dist. Ct., Hudspeth County, Tex.) (claiming LaSalle violated his rights during a disciplinary action taken against him); *Walters v. LaSalle Corr. V, LLC*, No. 2022DCV2391 (346th Dist. Ct., El Paso County, Tex.) (claiming LaSalle shared his medical records with others without his consent)).

The Magistrate Judge concluded "that this case is duplicative of *Walters II* and therefore, is malicious under § 1915(e)(2)(B)(i)." *Id.* at *10 (citing *McBride v. Powers*, 364 F. App'x 867, 871 (5th Cir. 2010)). She recommended that the Court lift the stay and dismiss Walter's complaint as "malicious." *Id.* She advised the parties that they had 14 days to file written objections to the proposed findings, conclusions, and recommendations contained in the report. *Id.*

A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b)(3). As to other portions of the report—or when a party does not file written objections—the court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, a court may accept, reject, or modify the report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

In his objections, Walters claims "malicious is often defined as 'having or showing a desire to cause harm.' " Pl.'s Obj., ECF No. 73 at 3 (citing Merriam-Webster Unabridged Online Dictionary, http//www.merriamwebster.com/dictionary/malicious). He maintains he "did not intend to cause harm when he filed Walters II." *Id.* at 4.

The Court observes that it is bound by the law and legal precedent—not by definitions contained in a Merriam-Webster dictionary. It notes that the Fifth Circuit has clearly and consistently held that it is "malicious," as the term is understood in the context of 28 U.S.C. § 1915(e)(2)(B)(i), for a prisoner proceeding *in forma pauperis* to file a lawsuit which duplicates the allegations of another action by the same plaintiff. *See, e.g., Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) ("A case is malicious if it is duplicative of a pending or previous lawsuit."); *Willis v. Bates*, 78 F. App'x 929, 930 (5th Cir. 2003) ("A district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit."); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d)). So, it agrees that this case is duplicative of *Walters II* and it is "malicious" under § 1915(e)(2)(B)(i).

The Court concludes, after completing a *de novo* review of Walters's objections, that it should deny them. As to other portions of the report and recommendation, it concludes that the Magistrate Judge's findings and conclusions are neither clearly erroneous nor contrary to law. Therefore, the Court enters the following orders:

**IT IS ORDERED** that the **STAY** (ECF No. 20) entered in this case on September 15, 2022, is **LIFTED**.

**IT IS FURTHER ORDERED** that Walters's objections to the report and recommendation of the Magistrate Judge (ECF No. 73) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the report and recommendation of the Magistrate Judge (ECF No. 63) is **ACCEPTED**, and her findings, conclusions, and recommendations are **ADOPTED**.

**IT IS FURTHER ORDERED** that Walters's complaint (ECF No. 3) is **DISMISSED WITHOUT PREJUDICE** as "malicious" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 4th day of April, 2023.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE